**Cynthia Z. Levin, Esq.**
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
**1150 First Avenue, Suite 501**
**King of Prussia, PA 19406**
**Phone: 888-595-9111 ext 618**
**Fax: 866 633-0228**
**clevin@attorneysforconsumers.com**
**Attorney for Plaintiff**

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Dawn Hartley-Culp, individually and on behalf of all others similarly situated,** )<br><br>Plaintiff, )<br><br> vs. )<br><br>**Penn Credit Corporation,** )<br><br>Defendant. )<br>_____ ) | Case No.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

1.      DAWN HARTLEY-CULP ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of PENN CREDIT CORPORATION ("Defendant") in negligently and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy.  Plaintiff alleges as follows upon personal knowledge as to herself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2.      The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer

complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

**3.** In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

**4.** Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

**5.** As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

**6.**     This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

**7.**     Venue is proper in the United States District Court for the Middle District of Pennsylvania pursuant to 18 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district; Plaintiff is a resident of Monroe County, Pennsylvania, which falls within the Middle District of Pennsylvania.

## PARTIES

**8.**     Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Pennsylvania.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

**9.**     Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation whose State of Incorporation and principal place of business is in the State of Pennsylvania.  Defendant, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (10).  Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of Pennsylvania and in the County of Monroe, within this judicial district.

## FACTUAL ALLEGATIONS

**10.**     At all times relevant, Plaintiff was a citizen of the State of Pennsylvania. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

**11.**     Defendants is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (10).

**12.**     At all times relevant, Defendant conducted business in the State of Pennsylvania and in the County of Monroe, within this judicial district.

///

**13.** Beginning on or about August 20, 2013, Defendant started placing telephone calls to Plaintiff's cellular phone ending in 1376.

**14.** Despite written notice from Plaintiff dated August 28, 2013, requesting that Defendant cease such calls to her cellular phone, and despite Plaintiff verbally requesting that Defendant cease placing calls to her cellular phone, Defendant continued placing additional telephone calls to Plaintiff's cellular phone, and leaving pre-recorded voice-messages.

**15.** For example, Defendant placed such a call to Plaintiff's cellular phone on or about September 19, 2013, and left her a pre-recorded voice-message.

**16.** The calls Defendant placed to Plaintiff's cellular phone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1), as prohibited by 47 U.S.C. § 227 (b)(1)(A), or an artificial or prerecorded voice, as also prohibited by 47 U.S.C. §227(b)(1)(A).

**17.** The telephone number that Defendant or its agents called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

**18.** These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

**19.** Plaintiff never provided any personal information, including her cellular telephone number to Defendant is not a customer of either Defendant, and has never previously contacted Defendant in any fashion. Thus, at no time did Plaintiff provide Defendant or its agents with prior express consent to receive telephone calls from an ATDS or an artificial or prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

**20.** These telephone calls by Defendant, or its agents, violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

**21.** Plaintiff brings this action on behalf of herself and on behalf of and all others similarly situated ("the Class").

**22.** Plaintiff represents, and is a member of, the Class, consisting of:

> **All persons within the United States who received any telephone call(s) from Defendant, or its agent(s) and/or employee(s), to said person's cellular telephone, made through the use of any automatic telephone dialing system, or an artificial or prerecorded voice, within the four years prior to the filling of the Complaint.**

**23.** Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

**24.** Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

**25.** This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

**26.** The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

**27.** There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

a)   Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed any calls to the Class (other than a call made for emergency purposes or made with the prior express consent of the called party) or to a Class member using any automatic dialing system, or an artificial or prerecorded voice, to any telephone number assigned to a cellular phone service;

b)   Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

c)   Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

28.     As a person that received calls from Defendant via an automated telephone dialing system without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

29.     Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

30.     Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

31.     A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and state law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

**32.**     Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 ET SEQ.**

32.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

34.     As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

35.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE**
**CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 ET SEQ.**

36.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

38.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

39.    Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant:

## FIRST CAUSE OF ACTION
## FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seeks for themselves and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION
## FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

///
///
///
///

## **TRIAL BY JURY**

46.    Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and hereby does demand, a trial by jury.

Respectfully submitted this February 06, 2014

By:    **/s/Cynthia Z. Levin**
**Cynthia Z. Levin, Esq.**
**Law Offices of Todd M. Friedman, P.C.**
**1150 First Avenue, Suite 501**
**King of Prussia, PA 19406**
**Phone: 888-595-9111 ext 618**
**Fax: 866 633-0228**
**clevin@attorneysforconsumer.com**
**Attorney for Plaintiff**